UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SYRIANE BALDWIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17-cr-00012-NT-2 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Syriane Baldwin moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 267.) Following a guilty plea, Petitioner was convicted of conspiracy to distribute controlled substances; the Court sentenced Petitioner to ninety-six months in prison. (Judgment, ECF No. 257; Indictment, ECF No. 2.) Petitioner did not appeal from the sentence.

Petitioner claims he received ineffective assistance of counsel and argues that his conviction and sentence were unconstitutional because he had previously been convicted of and served a sentence on a related drug distribution charge. (Motion at 4 – 8.) The Government requests dismissal because, although some conduct was related, the two convictions resulted from prosecutions for separate crimes. (Response, ECF No. 271.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In September 2015, Petitioner was arrested and indicted for distributing cocaine base in or around September 2014. (1:15-cr-00159-JAW-1, ECF No. 8, 19.) In May 2016, Petitioner pled guilty. (1:15-cr-00159-JAW-1, Change of Plea Hearing, ECF No. 91.) During the plea negotiations, "the Government . . . made it clear" that they also "intended to pursue drug conspiracy charges against him," which created a dispute between Petitioner and the Government concerning the scope of "relevant conduct" for purposes of calculating Petitioner's sentencing guideline range. (1:15-cr-00159-JAW-1, Defendant's Sentencing Memorandum at 1, ECF No. 109.) In general, "uncharged conduct is relevant if the government proves by a preponderance of the evidence that such uncharged conduct is part of the same course of conduct or common scheme or plan as the charged conduct." *United States v. Eisom*, 585 F.3d 552, 557 (1st Cir. 2009); U.S.S.G. § 1B1.3.

At the presentencing conference, the Court explained that "Mr. Baldwin pleaded guilty to a narrow circle of conduct for which he's clearly responsible," but because the Government had evidence of a larger conspiracy involving much larger drug quantities, "he then becomes subject to a very significant range of penalties based on drug quantity and his role in the relevant conduct." (1:15-cr-00159-JAW-1, Presentence Conference Transcript at 2, ECF No. 146.) The Court continued:

> It strikes me that it really comes down to what Mr. Baldwin wants to do. I can tell you that I've always felt a little uneasy about expanded use of relevant conduct in a situation like this, and I can understand if Mr. Baldwin says, look, I did what I've been accused of doing and I am willing to accept whatever punishment is going to be applied for what I've admitted, but if the government wants to prove that I've been involved in a more major conspiracy and wants to prove that drug quantity and . . . my role in that

2

offense separately, that they should be required to indict me and they should be required to prove that beyond a reasonable doubt before a jury and that's what I want. If he were to tell me that, I think I'd be inclined to say, well, that's what you have a right to.

On the other hand, I can understand why if he looks hard in the mirror and says, you know, I think they can prove that I was involved in this greater conspiracy. Right now I've only got one federal conviction. If I force them to indict me and to prove the case against me, then I'll have a couple of federal convictions under my belt and I may end up in the same place that I'm now in to begin with, so it . . . may be better for me to simply allow the process to go forward as the government has contemplated.

But I really think that's not the government's choice; I think it's Mr. Baldwin's choice. And if he were to tell me, with his eyes open, no, I accept the relevant conduct and I want you to sentence me as if the government has proven that, I think I . . . would accept that. On the other hand, if he tells me, no, I really object to the relevant conduct, then the government has its own decision to make about whether to indict him and to proceed against him separately.

(*Id.* at 2 – 3.)

The Government conditionally offered to disclose to defense counsel its evidence concerning the larger conspiracy:

[I]f [Defense Counsel] talks to Mr. Baldwin and Mr. Baldwin expresses some . . . willingness to entertain the idea of resolving the relevant conduct through this sentencing, what I could do is what I've done in other cases in the past is I have shared for in-house review redacted grand jury transcripts and redacted proffer reports from other witnesses so that those people's names and identities are not revealed to somebody like Mr. Baldwin, but [Defense Counsel] can evaluate that evidence and go back to Mr. Baldwin and say, you know, this is what the government is going to be able to prove either at a conspiracy trial or if you want to have it handled in a sentencing on this pending case, this is what the evidence would be. And then if Mr. Baldwin makes the decision then, no, I don't want to deal with any of this in this pending case, at least there's no misunderstanding between any of us.

The . . . reason why I've held off doing that up to now, Judge, is that from the very beginning, when we first charged Mr. Baldwin back in September of 2015 and I . . . sat down with Mr. Baldwin and his attorney very early on, I wanted to get Mr. Baldwin's cooperation in this larger investigation. And so

3

> I have been reluctant to share with Mr. Baldwin what other people are saying about him because that would render him virtually useless as a cooperator if I then have to disclose in some future proceeding that my witness, Syriane Baldwin, has had the opportunity to talk to his lawyer about what all the other witnesses have already come in and said. So I've not done that for [Defense Counsel] because I was holding out some degree of hope that Mr. Baldwin would want to cooperate.
>
> But if [Defense Counsel] wants to look at that stuff, if Mr. Baldwin has made his final decision that he's never, ever going to cooperate, whether it be in this case or in some future conspiracy prosecution, I can let you take a look at it now, [Defense Counsel], but I think that that will foreclose any possibility for Mr. Baldwin to cooperate in the future.

*(Id.* at 8 – 9.)

Petitioner maintained his objection to including the larger conspiracy within the relevant conduct for purposes of the sentencing guidelines, and in October 2016, the Court sentenced him to fifteen months imprisonment based on the smaller quantity. (1:15-cr-00159-JAW-1, Judgment, ECF No. 118; Sentencing Transcript at 18, ECF No. 148.) At the sentencing hearing, the possibility that Petitioner could face a future conspiracy prosecution was mentioned numerous times. (1:15-cr-00159-JAW-1, Sentencing Transcript at 4 – 6.)

Petitioner was released from prison in November 2016, and in January 2017, Petitioner was indicted along with four others for conspiracy to distribute controlled substances. (Indictment, ECF No. 2; Presentence Investigation Report (PSR) ¶ 1.) In October 2017, Petitioner pled guilty to the charge. (Change of Plea Hearing, ECF No. 173.) The guideline imprisonment range was 188 to 235 months, but Petitioner received a downward departure of 15 months to account for the period of incarceration that he had already served for relevant conduct, resulting in a range of 136 to 163 months. (PSR ¶ 56,

4

69; Sentencing Transcript at 23, 43 – 45, 47 – 49.) In June 2018, the Court sentenced Petitioner to a variant sentence of 96 months in prison. (Judgment, ECF No. 257; Sentencing Transcript at 47 – 49.)

Petitioner filed his § 2255 motion in March 2019, asserting that: (1) the delay in bringing the conspiracy charge violated the Speedy Trial Clause of the Sixth Amendment; (2) the pre-indictment delay for the conspiracy charge violated his due process rights; (3) the conspiracy charge represented vindictive prosecution in violation of his due process rights; and (4) his counsel was constitutionally ineffective for failing to challenge the prosecution of the conspiracy charge based on the arguments Petitioner has raised in his section 2255 motion. (Motion, ECF No. 267; Brief, ECF No. 267-2; Reply, ECF No. 275.)

## DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

*"[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v.*

*United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697.

If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and

7

expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

B.   **Ineffective Assistance of Counsel Claims and Analysis**[1]

   1.   **Speedy Trial**

Petitioner alleges that his counsel was constitutionally ineffective because counsel failed to move for the dismissal of the conspiracy charge as a violation of his right to a speedy trial. The Speedy Trial Clause of the Sixth Amendment to the United States Constitution guarantees that "the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. The Clause "necessitates a functional analysis of the right in the particular context of the case," and courts therefore balance the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 521, 530 (1972); *see also United States v. Carpenter*, 781 F.3d 599, 608 – 17 (1st Cir. 2015). The first factor, the length of the delay, also serves as "a triggering mechanism for the rest of the analysis," and "[d]elay of around one year is considered presumptively prejudicial . . . ." *Carpenter*, 781 F.3d at 609 – 10.

---

[1] Because Petitioner did not raise his three basic arguments during the guilt or sentencing phases, and because Petitioner did not appeal from his sentence, his substantive arguments are procedurally barred. *See Berthoff*, 308 F.3d at 127 – 28. Because his ineffective assistance of counsel claim based on the three arguments can excuse the procedural default if meritorious, the ineffective assistance of counsel standards are controlling.

8

The Speedy Trial Act, 18 U.S.C. § 3161 et seq., requires that an individual be charged with commission of a crime within thirty days of arrest or service of a summons. *Id.* § 3161(b). The filing of charges starts a seventy-day clock for the commencement of trial, but the statute contains "a detailed scheme under which certain specified periods of delay are not counted." *Zedner v. United States*, 547 U.S. 489, 492 (2006).

Petitioner's argument incorrectly assumes that in the two separate cases he was prosecuted for a single crime, with the 2017 conspiracy proceeding occurring well over a year after his 2015 arrest and indictment for the distribution of cocaine. Petitioner was not indicted and arrested on the conspiracy charge until January 2017. The Supreme Court has repeatedly held that "the conspiracy to commit an offense and the subsequent commission of that crime normally do not merge into a single punishable act." *Iannelli v. United States*, 420 U.S. 770, 777 (1975) (citing *Pinkerton v. United States*, 328 U.S. 640, 643 (1946)). Even though a conspiracy charge and the substantive offense can both be "based on the same underlying incidents," *United States v. Felix*, 503 U.S. 378, 389 (1992), the "settled principle" that they represent separate crimes derives from the assessment that "collective criminal agreement—partnership in crime—presents a greater potential threat to the public than individual delicts." *Callanan v. United States*, 364 U.S. 587, 593 (1961).[2]

Although one portion of the underlying conduct was common to the distribution and conspiracy charges, because Petitioner was arrested and charged at two different points in

---

[2] While the cited cases did not arise in the context of an alleged speedy trial violation, the analysis is nevertheless sound and persuasive.

9

time for two separate offenses, his speedy trial rights applied separately to each of the proceedings, first from September 2015 to May 2016, and then from January 2017 to October 2017. *See United States v. Grullon*, 545 F.3d 93, 97 (1st Cir. 2008) ("the [Speedy Trial Act] says nothing about barring the institution of a new charge for a different offense based on some or all of the underlying transaction"); *Harvey v. Shillinger*, 76 F.3d 1528, 1534 (10th Cir. 1996) ("Because [Defendant's] original convictions were vacated and conspiracy [to commit those underlying crimes] is a separate offense . . . the speedy trial clock for [Defendant's] second trial did not start to run until the first filing relating to the conspiracy charge"); *United States v. King*, 933 F.2d 1017, 1991 WL 83941 at *1 – 3 (9th Cir. 1991) (rejecting speedy trial challenge to substantive controlled substance offense after previous prosecution for conspiracy to commit that offense). The record reflects that Petitioner was timely charged relative to his arrests in both cases and the cases proceeded appropriately toward trial until Petitioner's guilty plea in each case, which pleas occurred well before any statutory deadline or presumptively prejudicial delay. In short, the facts and the weight of authority[3] foreclose Petitioner's contention that a single speedy trial

---

[3] In *United States v. Handa*, 892 F.3d 95, 106 (1st Cir. 2018), the First Circuit held that "the bringing of the additional charge does not reset the Sixth Amendment speedy trial clock to the date of a superseding indictment where (1) the additional charge and the charge for which the defendant was previously accused are based on the same act or transaction, or are connected with or constitute parts of the common scheme or plan previously charged, and (2) the government could have, with diligence, brought the additional charge at the time of the prior accusation." *See also United States v. Black*, 918 F.3d 243, 259 (2d Cir. 2019) (citing *Handa* and rejecting Sixth Amendment speedy trial analysis that only considers whether new charges were different for double jeopardy purposes from prior charges).

*Handa* is of little assistance to Petitioner, however. Unlike in this case, *Handa* involved a series of superseding indictments within a single proceeding. Here, Petitioner's first case was resolved by a guilty plea and sentence before a subsequent indictment. Even if the *Handa* reasoning applied, *Handa* only addressed the first *Barker* factor by specifying how the period of delay is to be measured. If the Court were to follow *Handa* and include the entire period from September 2015 to October 2017, the time period would

analysis should apply to the entire period from the first arrest in September 2015 on the distribution charge to the plea on the conspiracy charge in October 2017.

Because there was no violation of Petitioner's statutory or constitutional speedy trial rights, Petitioner's attorney was not deficient when he did not seek dismissal based on a speedy trial violation.

### 2. Pre-Indictment Delay and Vindictive Prosecution

While a defendant's speedy trial rights are not implicated until arrest or formal charges, "[t]he Due Process Clause has a limited role to play in protecting against oppressive delay" in bringing criminal charges. *United States v. Lovasco*, 431 U.S. 783, 789 (1977). "The Due Process Clause has only a limited role in this context because the statutes of limitations provide the primary protection against undue pre-indictment delays." *United States v. DeCologero*, 530 F.3d 36, 78 (1st Cir. 2008). "[E]xcessive pre-indictment

---

be presumptively prejudicial and trigger the constitutional speedy trial analysis, but the balance of all four factors still would not weigh in favor of a Sixth Amendment violation, especially given the role that Defendant's informed decisions played in causing the delay by his challenge to the relevant conduct at the first sentencing proceeding with full knowledge that the Government was investigating a larger conspiracy and intended to charge him when its investigation was complete. *See Handa*, 892 F.3d at 107 n.7 ("delay caused by the government's further investigation into the crimes alleged in the new indictment would, of course, be properly considered under the second *Barker* factor: the reason for the delay.")

Finally, even if *Handa* applied here and even if the Court found the balance of the four factors weighed in favor of speedy trial violation, *Handa* was decided after Petitioner pled guilty and just one day before sentencing on the conspiracy charge, which means Petitioner's counsel was not ineffective for failing to foresee those legal developments. S*ee e.g. Stringer v. Black*, 503 U.S. 222, 227 (1992) ("a case decided after a petitioner's conviction and sentence became final may not be the predicate for federal habeas corpus relief unless the decision was dictated by precedent existing when the judgment in question became final"); *Powell v. United States*, 430 F.3d 490, 491 (1st Cir. 2005) ("Advocating changes in recent precedent may occasionally be required of competent counsel, but it would take unusual circumstances"). Although *Handa* followed *United States v. Irizarry-Colon*, 848 F.3d 61, 70 (1st Cir. 2017), which was decided before Petitioner's conspiracy plea, because that Court considered a situation where subsequent indictments had charged the same conspiracy offense as the original, Petitioner's counsel cannot be faulted for failing to notice that development and argue for an extension of *Irizarry-Colon* to cover a series of different but related charges.

delay can sometimes, albeit rarely, violate the Fifth Amendment's Due Process Clause if the defendant shows *both* that the delay caused substantial prejudice to his right to a fair trial *and* that the government intentionally delayed indictment to gain a tactical advantage." *United States v. Bater*, 594 F.3d 51, 54 (1st Cir. 2010) (internal quotations omitted). An intentional attempt to gain a tactical advantage is the product of "bad faith reasons" and does not refer to delays for further investigation, efforts to discover co-conspirators, or attempts to prosecute co-conspirators to secure their testimony against others. *See Irizarry-Colon*, 848 F.3d at 71.

"A vindictive prosecution-one in which the prosecutor seeks to punish the defendant for exercising a protected statutory or constitutional right-violates a defendant's Fifth Amendment right to due process." *United States v. Jenkins*, 537 F.3d 1, 3 (1st Cir. 2008). "A defendant may produce evidence of actual vindictiveness sufficient to show a due process violation" or "a defendant may convince a court that the circumstances show there is sufficient likelihood of vindictiveness to warrant a presumption of vindictiveness. *United States v. Marrapese*, 826 F.2d 145, 147 (1st Cir. 1987) (internal quotations omitted).

Petitioner's Fifth Amendment challenge fails because he has not demonstrated any improper motive or conduct on the part of the prosecution. The Government was candid in the first case about its intent to hold Petitioner accountable for his role in the larger conspiracy and offered to disclose its evidence about the conspiracy to defense counsel if Petitioner agreed that the conduct would be relevant in Petitioner's sentencing on the distribution conviction. Because the conspiracy was raised as relevant conduct in the first

prosecution and because in that context Petitioner had the option to avoid the subsequent prosecution, the Government's conduct can not reasonably constitute an attempt to gain an improper tactical advantage. The record lacks any evidence to support a determination that the Government sought to punish Petitioner for exercising a protected right in the first prosecution.

Given the lack of improper pre-indictment delay or vindictive prosecution, Petitioner's attorney was not deficient because he did not to seek dismissal on that basis.[4]

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[4] Although Petitioner does not elaborate on the argument in his memorandum or reply, he briefly argued in Ground One of his petition that his counsel was also ineffective for not advocating for a downward variance based on the first conviction counting against his criminal history score in the second conviction. In the first case, the Court warned Petitioner that his conviction would have precisely that effect if Petitioner maintained his objection to the relevant conduct and the Government pursued the larger conspiracy afterward. Furthermore, counsel did argue for a downward variance on several grounds, and the Court ultimately gave him a variant sentence below the guideline range, after reducing the range based on the time served on the first conviction. Accordingly, Petitioner's ineffective assistance claim fails.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of October, 2019.